| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><hr>Caption in Compliance with D.N.J. LBR 9004-1<br><br>JERROLD S. KULBACK, ESQUIRE<br>ARCHER & GREINER<br>A Professional Corporation<br>Three Logan Square<br>1717 Arch Street, Suite 3500<br>Philadelphia, PA 19103<br>Phone: (215) 246-3162<br>Email: jkulback@archerlaw.com<br>*Attorneys for Sky Manor Airport Partners, LLC* | |
| In Re:<br><br>HIGH BRASS FARM LAND HOLDINGS LLC,<br><br>               Debtor. | Chapter 11<br><br>Case No. 19-25217 (MBK) |
| HIGH BRASS FARM LANDHOLDINGS LLC, *et al.*<br><br>               Plaintiffs,<br>  vs.<br><br>SKY MANOR AIRPORT PARTNERS, LLC, *et al.*<br><br>              Defendants. | Adversary No. 19-02093 (MBK) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF SKY MANOR AIRPORT PARTNERS, LLC FOR ORDER REMANDING CASE TO STATE COURT**

Sky Manor Airport Partners, LLC, by and through its undersigned counsel, files this memorandum of law in support of its motion (the "Motion") for entry of an Order remanding the above captioned adversary to the state court from which it was removed.

## PRELIMINARY STATEMENT

The Debtor has removed the entire State Court Action despite the fact that: (i) the Debtor itself commenced the State Court Action as plaintiff in the State Court, (ii) all claims and causes of action asserted by the parties to the State Court Action arise exclusively under state law; (iii) there is no basis for jurisdiction in the federal courts other than 28 U.S.C. § 1334(b); (iv) all of the claims and causes of action are non-core; (v) the State Court Action involves multiple non-debtor parties and includes claims between these non-debtor parties over which the Bankruptcy Court has no jurisdiction; and (vi) the State Court Action can be timely adjudicated in the State Court. As set forth below, the Bankruptcy Court lacks subject matter jurisdiction over most if not all of the claims and causes of action. Even if subject matter jurisdiction exists, the Bankruptcy Court should nevertheless abstain from hearing this matter and remand this matter to the State Court.

## STATEMENT OF FACTS

1. There is an on-going dispute (the "Dispute") between High Brass Land Holdings, LLC's (the "Debtor" or "HBLH") and Sky Manor Airport Partners, LLC ("SMAP"). The Dispute involves the Debtor's access to its property located at 68 Sky Manor Road, Pittstown, New Jersey 08867 (the "Debtor's Property"). SMAP owns the adjoining property (the "SMAP Property"), which is operated as an airport. The Debtor utilizes SMAP's Property to access the Debtor's Property despite the fact that no recorded easement allows such access and despite the fact that the Debtor's Property has frontage on and access to a different road called Amelia Way. SMAP has made demand on the Debtor to cease and desist from using SMAP's Property. The Debtor has not complied with that demand.

2. In an attempt to resolve this Dispute, on or about December 13, 2018, the Debtor, along with its affiliate High Brass Farm, LLC ("HBF") and their members, Michael Merbler and Elizabeth Perry-Merbler (the "Members" and with the Debtor and HBF, collectively, "Plaintiffs") filed a Complaint (the "Complaint") in the Superior Court of New Jersey, Law Division, Hunterdon County (the "State Court"), Docket No. HUN-L-477-18 (the "State Court Action") against SMAP, along with New Jersey Title Insurance Company n/d/b/a/ CATIC ("CATIC"), and Fidelity National Title Insurance Company ("FNTIC"). A true and correct copy of the Complaint is attached as Exhibit "1" to the Notice of Removal.[1] [2]

3. In the Complaint, the following causes of action are asserted:

(a) Count One – Debtor, HBF and the Members v. SMAP - claim to quiet title (express easement) arising from the Dispute. The "express easement" claim arises not from a recorded easement, but from Plaintiffs' "quid pro quo" concept arising under a municipal planning board approval resolution.

(b) Count Two - Debtor, HBF and the Members v. SMAP - claim to quiet title (implied easement) arising from the Dispute.

(c) Count Three - Debtor, HBF and the Members v. SMAP - claim to quiet title (easement by necessity) arising from the Dispute.

---

[1] The caption of the Complaint in the State Court Action refers to the Debtor as "High Brass Farm Landholdings, LLC d/b/a High Brass From, LLC." A search of the records of the New Jersey Secretary of State has revealed a company named "High Brass Land Holdings, LLC" and a company named "High Brass Farm, L.L.C." It is assumed for purposes of this Motion that the Debtor and HBF are separate and distinct legal entities, and that use of the "d/b/a" in the caption of the State Court Action was a mistake.

[2] All of the Plaintiffs in the State Court Action are represented by the Obermayer Rebmann Maxwell & Hippel LLP law firm. That firm is also counsel to the Debtor in the Bankruptcy Case. While the law firm's retention application does disclose the pre-petition representation of the Debtor in the State Court Action, it does not disclose their continued representation of the co-Plaintiffs in that action.

(d) Count Four - Debtor, HBF and the Members v. SMAP - claim for trespass arising from the Dispute.

(e) Count Five – HBF v. FNTIC – claim for breach of contract. FNTIC allegedly insured HBF's title to the Debtor's Property (before HBF transferred title to the Debtor) but refused to provide coverage to HBF regarding the Dispute.

(f) Count Six – HBF v. FNTIC – claim for declaratory judgment regarding FNTIC's obligations to HBF under the title policy.

(g) Count Seven – Debtor v. CATIC - claim for breach of contract. CATIC allegedly insured the Debtor's title to the Debtor's Property but refused to provide coverage to HBF regarding the Dispute.

(h) Count Eight - Debtor v. CATIC – claim for declaratory judgment regarding CATIC's obligations to the Debtor under the title policy.

4. The Plaintiffs in the State Court Action have demanded a trial by jury. *See,* Case Information Statement filed by the Plaintiff's in the State Court Action, attached as part of Exhibit "1" to the Notice of Removal.

5. On or about January 23, 2019, SMAP filed an Answer and Counterclaim (the "SMAP Answer and Counterclaim") to the Complaint. A true and correct copy of the SMAP Answer and Counterclaim is attached as Exhibit "4" to the Notice of Removal. The SMAP Counterclaim seeks to quiet title and asserts the following causes of action:

(a) Count One – SMAP v. Debtor, HBF and the Members – claim to quiet title regarding the Dispute.

(b) Count Two - SMAP v. Debtor, HBF and the Members – claim for damages for trespass.

6. On or about February 15, 2019, CATIC filed an Answer and Cross-Claim (the "CATIC Answer and Cross-Claim") to the Complaint. A true and correct copy of the CATIC Answer and Cross-Claim is attached as Exhibit "6" to the Notice of Removal. The CATIC Cross-Claim seeks indemnification and contribution from the other co-defendants named in the Complaint.

7. By Order dated April 30, 2019, FNTIC was dismissed from the State Court Action. A true and correct copy of the Order dismissing FNTIC from the State Court Action is attached as Exhibit "8" to the Notice of Removal.

8. By Order dated May 30, 2019, Bank of America, NA ("BANA") was granted leave to intervene in the State Court Action. A true and correct copy of the Order permitting BANA to intervene is attached as Exhibit "9" to the Notice of Removal.

9. On or about May 20, 2019, BANA filed a Third-Party Complaint, Counter-Claim and Cross-Claim (the "BANA Third-Party Complaint, Counter-Claim and Cross-Claim") to the Complaint. A true and correct copy of the BANA Third-Party Complaint, Counter-Claim and Cross-Claim is attached as Exhibit "10" to the Notice of Removal.

10. In the BANA Third-Party Complaint, Counter-Claim and Cross-Claim, BANA has asserted the following causes of action:

   (a) Count One – BANA v. Debtor and HBF – claim to collect on a $1,510,000 commercial loan (the "Loan") made by BANA to the Debtor and HBF that is in default for non-payment, maturity and failure to pay real estate taxes.

   (b) Count Two – BANA v. Members – claim on guarantees allegedly executed by the Members guaranteeing the Loan.

(c) Count Three – BANA v. CATIC – claim for declaratory judgment regarding CATIC's obligations with respect to the Dispute under a title policy insuring the BANA mortgage on the Debtor's Property.

11. On or about August 6, 2019, the Debtor filed a voluntary petition for relief under Chapter 11 of the United Stated Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), as Case No. 19-25217 (MBK) (the "Bankruptcy Case").

12. On or about August 14, 2019, the Debtor filed a Notice of Removal (the "Notice of Removal") [Adversary Docket No. 1] removing the entire State Court Action to the Bankruptcy Court.

## ARGUMENT

### I. THE COURT SHOULD REMAND THIS MATTER TO THE STATE COURT

Removal statutes are to be "strictly construed against removal and all doubts should be resolved in favor of remand." Steel Valley Auth. V. Union Switch & Signal Civ., 809 F.2d 1006, 1010 (3d Cir. 1987). On a motion for remand, the removing parties bear the heavy burden of supporting the removal of this action to federal court. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

#### A. LACK OF SUBJECT MATTER JURISDICTION OVER NON-DEBTOR CLAIMS

With certain exceptions not applicable here, a party may remove "any claim or cause of action in a civil action. . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of [title 28]." 28 U.S.C. § 1452(a). Accordingly, if there is federal bankruptcy jurisdiction over a claim or cause of action, it may be removed under Section 1452(a) from the state court in which it is

pending to the federal district court for that district. Matters not within this limited grant of jurisdiction are not properly removable under 28 U.S.C. § 1452, and must be remanded. *See,* 28 U.S.C. § 1447(c) ("[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

The threshold issue is whether there is federal bankruptcy jurisdiction over the claims and causes of action removed by the Defendants. Bankruptcy jurisdiction under Section 1334, encompasses "cases under title 11 . . . [and] civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a) and (b). Generally, proceedings arising under title 11, and proceedings arising in a case under title 11 are referred to as "core" proceedings, whereas proceedings "related to" a case under title 11 are referred to as "non-core" proceedings. *See* Binder v. Price Waterhouse & Co., L.L.P. (In re Resorts Int'l, Inc.), 372 F.3d 154, 162 (3d Cir. 2004). A proceeding is a core bankruptcy proceeding if it invokes a substantive right provided by Title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case. In contrast, an action that does not depend upon the bankruptcy laws for its existence and which could proceed in a court that lacks federal bankruptcy jurisdiction is, at most, "related" to a bankruptcy case and "non-core." Innovasystems, Inc. v. Proveris Sci. Corp., 2013 U.S. Dist. LEXIS 144578, 8-9 (D.N.J. Oct. 7, 2013) (citations omitted).

Here, the claims and causes of action which have been removed by the Debtor are not "core" proceedings. They did not arise in the Bankruptcy Proceedings and do not arise under title 11. Instead, each constitutes a quintessentially non-core, pre-petition state law claim that neither "invokes a substantive right provided by title 11," nor has anything to do with bankruptcy law-related causes of action. CoreStates Bank, N.A. v. Huls America, Inc., 176 F.3d 187, 196

7

(3d Cir. 1999). Indeed, all of the claims existed before the Bankruptcy Case was even filed, and therefore cannot fairly be described as arising "only in the context of a bankruptcy case." Id.

Since the claims and causes of action which have been removed by the Debtor are not "core" proceedings, they are only removable to the Bankruptcy Court if the claims and causes of action are "related to" the Bankruptcy Case. The almost universally accepted test for determining whether a matter is "related to" a bankruptcy proceeding was developed by the Third Circuit in Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir.1984). In that case, the Third Circuit held that a matter is "related to" a bankruptcy proceeding "if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." Despite the expansive language of Pacor, the Supreme Court has warned that a bankruptcy court's "related to" jurisdiction is not "limitless." Celotex Corp. v. Edwards, 514 U.S. 300, 308, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995). "[T]he mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of [related to jurisdiction]" Pacor, 743 F.2d at 994.

Here, the Debtor is just one of many parties in the State Court Action. While claims that directly impact the Debtor's Property might be "related to" the Bankruptcy Case, such that the Court might have subject-matter jurisdiction over those claims, there is no evidence that the outcome of the claims between the non-debtor parties, including but not limited to (i) the claims in the Complaint asserted by HBF and the Members to the extent those claims belong to them and not to the Debtor, (ii) SMAP's Counterclaims against HBF and the Members for trespass, (iii) the indemnification and contribution claims asserted by CATIC against the co-defendants; (iv) BANA's Third-Party Complaint and Counterclaim against the Members and HBF on their joint and several liability to BANA for the Loan; and (v) BANA's Cross-Claim against CATIC

8

under the title policy (collectively, the "Non-Debtor Claims"), will have any effect on the bankruptcy estate. These Non-Debtor Claims are independent claims between non-debtor entities. No property of the bankruptcy estate is implicated. Accordingly, there is no "related to" jurisdiction under Section 1334, and no basis for removal of the Non-Debtor Claims under Section 1452. Pursuant to 28 U.S.C. § 1447(c), the Non-Debtor Claims must be remanded to the State Court.

### B. MANDATORY ABSTENTION

With respect to the removed claims and causes of action for which there may be "related to" subject matter jurisdiction, the Bankruptcy Court is nevertheless required to abstain pursuant to the mandatory abstention provisions of 28 U.S.C. § 1334(c)(2). That statute states:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Under this statute, the Bankruptcy Court must abstain if the following five factors are met: (1) the proceeding is based on a state law claim or cause of action; (2) the claim or cause of action is "related to" a case under title 11, but does not "arise under" title 11 and does not "arise in" a case under title 11; (3) federal courts would not have jurisdiction over the claim but for its relation to a bankruptcy case; (4) an action "is commenced" in a state forum of appropriate jurisdiction; and (5) the action can be "timely adjudicated" in a state forum of appropriate jurisdiction. Nickels Midway Pier, LLC v. Wild Waves, LLC (In re Nickels Midway Pier), 372 B.R. 218, 225-226 (D.N.J. 2007), *citing*, Stoe v. Flaherty, 436 F.3d 209, 213 (3d Cir. 2006).

Here, all of the factors are satisfied: (1) all of the claims and causes of action asserted in the State Court Action are based upon state law; (2) as discussed above, none of the claims and causes of action asserted in the State Court Action are "core" claims, and they do not "arise under" title 11 and do not "arise in" a case under title 11; (3) there is no federal jurisdiction – there is neither completed diversity of parties nor a federal question presented; (4) the Debtor commenced the State Court Action long before the Bankruptcy Case was filed; and (5) the State Court can timely adjudicate the claims. Accordingly, pursuant to 28 U.S.C. § 1334(c)(2), the Bankruptcy Court is required to abstain from hearing this matter and must remand it back to the State Court.

### C.    EQUITABLE REMAND AND DISCRETIONARY ABSTENTION

Even if the Bankruptcy Court was not required to abstain pursuant to 28 U.S.C. § 1334(c)(2), the Court should nevertheless abstain pursuant to 28 U.S.C. § 1452(b) and/or 28 U.S.C. § 1334(c)(1). Under 28 U.S.C. § 1452(b), matters which are within bankruptcy jurisdiction, though properly removable, may be remanded on "any equitable ground." Likewise, in addition to its authority to remand on equitable grounds, the Bankruptcy Court may abstain from hearing any civil proceeding arising under, arising in, or related to a bankruptcy case "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1).

"The equitable considerations relevant to the appropriateness of equitable remand and discretionary abstention under sections 1452(b) and 1334(c)(1), respectively, are essentially identical, and, therefore, a court's analysis is substantially the same for both types of relief." In re Donington, Karcher, Salmond, Ronan & Rainone, P.A., 194 B.R. 750, 760 (D.N.J. 1996) (citations omitted). Among the factors to be considered in making a decision whether to abstain

and remand are the following: (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants. Id.

Here, these factors favor equitable remand and discretionary abstention by the Bankruptcy Court. This litigation involves claims that arose before the Bankruptcy Case was filed, the resolution of which will "neither significantly hinder nor materially advance the efficient administration of the bankruptcy estate." Port Authority v. CCI-Bowers Co., 1992 WL 164441 at *4 (D.N.J. 1992). No provision of the Bankruptcy Code is implicated. Issues of state law clearly predominate. Although the claims and causes of action asserted in the State Court Action do not necessarily present difficult or unsettled law, the underlying facts are better suited to the State Court. There is no independent basis for jurisdiction over the Non-Debtor Claims. There is no federal question jurisdiction under 28 U.S.C. § 1331, and no complete diversity between the parties for jurisdiction under 28 U.S.C. § 1332. The plaintiffs in the State Court Action have requested a trial by jury, something which the Bankruptcy Court cannot accommodate. Finally, because the claims and causes of action asserted in the State Court Action are all "non-core" proceedings, absent consent of all parties, the Bankruptcy Court's adjudicatory power is limited to hearing the dispute and submitting proposed findings of facts and conclusions of law to the district court. SMAP has not given such consent.

Therefore, these equitable factors compel the conclusion that the remand of this action is appropriate under the doctrines of permissive abstention and equitable remand, pursuant to 28 U.S.C. § 1334(c)(1) and 28 U.S.C. § 1452(b), respectively.

## CONCLUSION

For all of the foregoing reasons, it is respectfully requested that the Bankruptcy Court enter of an order remanding this matter to the State Court, and for other relief as is just and equitable.

ARCHER & GREINER  
A Professional Corporation  
*Attorneys for Sky Manor Airport Partners, LLC*

Dated: August 21, 2019          By: */s/ Jerrold S. Kulback*  
                                                      Jerrold S. Kulback

216961511v1