# Meyner and Landis LLP

reply to:
David B. Grantz
Direct Extension: 466
Direct Dial: 973-602-3466
dgrantz@meyner.com

Attorneys At Law
One Gateway Center
Suite 2500
Newark, New Jersey 07102

www.meyner.com

New York:
100 Park Avenue
16TH Floor
New York, New York 10017
(516) 683-0171

October 15, 2019

*Via Regular Mail and Electronic Filing*
Honorable Michael B. Kaplan
United States Bankruptcy Judge for the District of New Jersey
402 East State Street
Trenton, N.J. 08608

      **Re:** *In Re High Brass Land Holdings, LLC, Case No. 19-25217-MBK*
          *High Brass Land Holdings, LLC v. Sky Manor Airport, et al.*
          *Removed Proceedings Adversary No. 19-02093*

Dear Judge Kaplan,

      This firm represents secured creditor Bank of America, N.A. ("**BofA**") in connection with the above referenced matter. Please accept this correspondence in response to Mr. George's October 11, 2019 letter submitting a proposed ORDER PROVIDING FOR REFERRAL OF ADVERSARY TO MEDIATION (the "**Proposed Order**").

      As a preliminary matter, it appears that the Proposed Order was entered by the Court this afternoon despite Mr. George expressly stating in his letter that "I am submitting the [Proposed Order] under the seven (7) day rule found at D.N.J. LBR 9013-4(d), (e), but I am NOT requesting immediate entry, in order to allow counsel for BOA to raise his issues with the [Proposed Order]". Nevertheless, the Court entered the Proposed Order without considering BofA's objection. After speaking with Your Honor's courtroom deputy, we were advised to submit our objection immediately and to email a copy of the objection to chambers.

      As we advised Mr. George, BofA does not consent or approve the Proposed Order for several reasons. BofA consented only to the other parties mediating the issues related to the easement among themselves, not any other issue pending in the Adversary Proceeding, in particular BofA's claims against the non-debtors on the commercial loans. So the Proposed Order broadly overreaches, as it appears to encompass all of the issues pending in the Adversary Proceeding and fails to carve out BofA's claims against non-debtors on the commercial loan. Notably, BofA's claims against the guarantors and co-borrower are fairly straightforward since BofA only seeks a judgment with respect to the amounts due on the matured commercial loan. Accordingly, BofA will be proceeding with its claims against the guarantors and co-borrower in the Adversary Proceeding this week. We advised Mr. George of the deficiency yet he still submitted the Proposed Order.

      Moreover, after having further discussed the matter with Mr. George and Mr. Kulback and consulting with BofA, BofA will not consent to participate in mediation of the issues related to the easement or the title issues between BofA and New Jersey Title Insurance Company d/b/a CATIC

October 15, 2019
Page **2** of **2**

("CATIC"). If the other parties would like to mediate without BofA's participation, BofA has no objection, but to the extent that CATIC needs or seeks a limited release from BofA in connection with BofA's title claims against CATIC, then BofA will need to approve any resolution reached among the other parties at the mediation.

Our suggestion is that the other parties can participate in mediation and split the costs among themselves on an equal basis, or if the parties require BofA's limited involvement (to address the potential limited release of the title claim against CATIC), then Debtor can pay for BofA's share of the mediation costs, as BofA would pass these costs along to Debtor and/or its affiliates under the commercial loan documents in any case. BofA will not agree to be responsible for any mediation costs and/or expenses and will not be attending the mediation proceeding. We have revised the Proposed Order and submit same herewith, along with a copy with tracked changes for ease of reference.

As an aside, it appears that Mr. George has a conflict of interest, as his firm represents both Mr. and Mrs. Merbler in the Adversary Proceeding, as well as Debtor. This conflict should be addressed in any further discussion regarding this matter.

If the Court would like the parties to schedule a conference call to address this matter, please let me know the date and time and we will coordinate a call with the Court.

Should Your Honor have any further questions or concerns, please do not hesitate to contact our office.

Respectfully Submitted,

**MEYNER AND LANDIS LLP**

/s/ David B. Grantz

David B. Grantz

cc:   Jerrold S. Kulback, Esq. (via e-mail)
      William Sandelands, Esq. (via email)
      Edmond George, Esq. (via email)